**JOSEPH WILLIS, Representative of the Willis Estate, Appellant**

v.

**GOVERNMENT OF AMERICAN SAMOA, Appellee**

No. 7-1965

High Court of American Samoa

Civil Jurisdiction, Appellate Division

[Land: "Lugasami" in Afono]

May 27, 1965

Tuia, counsel for Appellant.
Donald R. Tindall, counsel for Appellee.

ROEL, *Associate Justice.*

This is an appeal from the decree rendered by the Trial Division of the High Court of American Samoa. The case was originally heard at Fagatogo, American Samoa on January 26, 1965. The decision of the Trial Court was rendered and the decree was entered on January 29, 1965. The decree in effect ordered that the portion of the land called Lugasami, containing 1.736 acres, more or less, as shown on the plat accompanying the application of the Government of American Samoa to register the same, and designated as the Consolidated School Site in the village of Afono, be registered as the property of the Government of American Samoa, subject to certain conditions set out in the deed from the Matagaono Family to the Government of American Samoa. From this decision Joseph Willis, as representative of the Willis Estate, appealed.

The record will reflect that this Court went to great detail at the beginning of the hearing on appeal to

familiarize both parties with the Rules of Procedure to be followed at the hearing with regard to the fact that the Appellate Division was bound by the findings of fact of the Trial Court unless the Appellate Court was of the opinion that such findings of fact were CLEARLY ERRONEOUS. (See Section 3.0503 of the Code of American Samoa, 1961 Edition and Rules of Procedure as enacted on January 10, 1953 and as amended on June 8, 1962.)

We might mention that this hearing on appeal was set for 9 a.m. on May 27, 1965, but that after appellant's counsel failed to appear after waiting for him for an hour, the hearing was continued until 5:30 p.m. of the same day to allow appellant to locate his counsel and have the benefit of his presence at the hearing.

At the beginning of the hearing, counsel for the Appellee made a motion to the Court to dismiss the appeal. The Court did not rule on Appellee's motion at the time but kept it under advisement. We will not set out the grounds presented orally by counsel since they are in the record and also in the written motion to affirm and the brief filed by Appellee's counsel prior to the hearing. We will say that counsel for the Appellee covered each and every paragraph in the Appellant's "Petition for Appeal."

Appellant's "Petition for Appeal" reads as follows:

"Comes now the Petitioner, alleges and shows the Appellate Court the following:

I

That the Petitioner was defendant in a case heard before the High Court of American Samoa, Trial Division, at Fagatogo on January 26, 1965, to determine ownership of a certain parcel of land in the Village of Afono known as Samoutiu claims by Defendant to be inside of a parcel of land deeded by Matagaono and his family to the Government of American Samoa for the purpose of a village school site.

## II

That the Petitioner believes that the High Court, Trial Division failed to take into consideration evidence presented by petitioner that an heir of Mary Williamson was present during the trial.

## III

That the Court has failed to view the land before the trial.

## IV

That the Court accepted the transfer of ownership with a map of a survey with description attached to from Paul H. Krause to Mary Williamson on April 13, 1901.

## V

That immediately after Mary Williamson purchased said parcel of land, she married Mr. Alex Willis thereby making Alex Willis part owner of said parcel of land.

## VI

That Mr. Alex Willis knew exactly the location of Samoutiu and such knowledge was given to his children by taken them over to Afono where Samoutiu is locate and show it to them. And one of Mr. Alex Willis children who has that definite knowledge as to the location of said land is Joseph Willis himself the objector in this case.

## VII

That Fred Saaga a witness by the Government is not even a registered surveyor and is not an expert in said field thereby he should not be allowed to express any professional opinion.

## VIII

That Matagaono the present title holder was not present when his father gave permission to Timo, because he was young, he is now 60 years old. Seuvasi Matagaono testify that he is 69 years old, and that he saw Timo plant tobacco on the land in question ever since he got old enough to know things. Saofa'iga 49 years old son of Seuvasi Matagaono testify that he was present when Timo the first Catechist in Afono asked his father for permission to use said land for plantation purposes.

929

## IX

That the Court has been mislead by these testimonies, how can Saofaiga be present when Seuvasi Matagaono 69 years of age testified that Timo used the land in question when he Seuvasi was only a very small boy.

## X

That Mr. Fred Uhrle a Chairman of the Board of Appraisal went to Afono around 1954 or 1955 to appraise freehold land. The Pulenu'u of Afono showed him the land name Samoutiu, and while arriving on said parcel of land known as Samoutiu by the Pulenu'u of Afono, he was told that plantation on said land belongs to Timo the Catechist.

## XI

That the present title holder Matagaono testified that this land which Timo used and his two successor Catechists is in a parcel of land he, Matagaono, deeded to the Government.

## XII

That the Petitioner believes that the weight of evidence supports the claim Timo that he did not ask permission from Matagaono family to use the above land.

## XIII

That this decision of the High Court of American Samoa jeopardized the foundation and future tenure of the freehold land system of the people of American Samoa.

## XIV

Other and further evidences will be presented before the Court before or during the hearing.

WHEREFORE, Petitioner prays this Appellate Court to hear this petition in order to redress these grievances."

Let us consider Appellant's grounds in detail.

Paragraph I fails to indicate any error on the part of the Court below which would justify a reversal.

930

■ Paragraph II also fails to show in what way the Court below erred, since the presence of the said heir of Mary Williamson, for whatever it was worth, was reflected in the transcript of the proceedings below and presumably was considered by the Trial Court. The record does not indicate that the Appellant at any time at the trial below attempted to call said heir as a witness, or that her testimony would, in any way, have been to the benefit of Appellant, if said testimony had been called for. Certainly there is no error on the part of the Court below in this connection.

■ Paragraph III fails to set out any error on the part of the Court below, as the failure on the part of the Court to view the land is not error per se. The viewing of the land is entirely within the Court's discretion. There is no statutory requirement for such practice. Further there is nothing in the record to indicate that the Appellant at anytime during the trial below asked the Court to view the land, or that the Court did not fully consider the testimony of all the witnesses who claimed to be familiar with the land.

Paragraph IV does not assign any error by the Court below. Said conveyance was of record and duly considered by the Court below.

■ Paragraph V does not assign any specific error of the Court below, but appears to be mere testimony on the part of the Appellant. The record below and the decision of the Trial Court indicate that the Court below gave consideration to the relationship between Mary Williamson and Alex Willis.

Paragraph VI again fails to assign any specific error on the part of the Court below. The information set out in this paragraph appears in the transcript and we presume was taken into consideration by the Trial Court.

Paragraph VII does not set out an assignment of error by the Trial Court. The record indicates that the witness Fred Saaga testified without any objection on the part of the Appellant after he was properly qualified as to his experience in surveying. Appellant had an opportunity and did cross-examine the witness Fred Saaga. Appellant placed a professional surveyor on the witness stand in his behalf in the person of James W. Darling. We presume that in arriving at its decision the Court considered the testimony of both Mr. Fred Saaga and Mr. James W. Darling.

Paragraph VIII sets out no error on the part of the Trial Court but repeats testimony in the transcript of the record of the trial below.

Paragraph IX deals with testimony given at the trial below and fails to set out clear error on the part of the Court below. The Court below had the testimony of 10 witnesses to consider, said testimony amounting to 82 pages, legal size single spaced.

Paragraph X again merely repeats testimony from the trial below and fails to assign any specific error on the part of the Court in arriving at its decision.

Paragraph XI also fails to assign error on the part of the Court below. It merely sets out alleged testimony at the trial below.

Paragraph XII fails to show that the decision of the Court below was clearly erroneous. The Trial Court is the judge of the facts and of the credibility of the witnesses as well as of the law, and we fail to see where the Court below committed reversible error, or any error for that matter, in believing the testimony of the witnesses on behalf of the Appellee as against the testimony of the witnesses on behalf of the Appellant.

Paragraph XIII does not set out any error on the part of the Court below. Said paragraph merely expresses an opinion on the part of the Appellant.

In connection with paragraph XIV of Appellant's "Petition for Appeal" it may be said that the Appellant failed to present any evidence at all at the appeal hearing.

It might be well to try and clarify the decision of the Court below in awarding judgment for the Appellee. The Court held that the land sought to be registered by the Government of American Samoa was named LUGASAMI and not SAMOUTIU, as claimed by the Appellant. The Court in its decision also held that no part of the land named SAMOUTIU was included in the parcel of land sought to be registered by the Government of American Samoa. The Court further held that the land SAMOUTIU as registered in the land records could not be located within the plat submitted by the Government of American Samoa from the metes and bounds description set out in the conveyance to Mary Williamson, and that said land Samoutiu, wherever it may be actually located, is outside the land deeded to the Government of American Samoa by the Matagaono family.

Though the Court below found that the land Samoutiu was not included in the land deeded to the Government of American Samoa, it nevertheless considered the possibility of any interest the heirs of Alex Willis as represented by Joseph Willis might had had [sic] in Samoutiu and held that Falesau, the second wife of Alex Willis and the 13 children from their marriage including Joseph Willis, would have no right to the land Samoutiu from Mary Williamson.

However, the main and foremost issue before the Court below was whether all or any part of Samoutiu was included in the parcel of land sought to be registered by the Government of American Samoa. The Court below held

that neither Samoutiu nor any part of it was within the land deeded to the Government of American Samoa by Matagaono for the Afono School Site.

After considering the transcript of the trial below and the decision of the Trial Court, and the written and oral argument of Appellee and Appellant before the Appellate Division, this Court is of the unanimous opinion that there was no clearly erroneous finding of fact by the Trial Court. Neither did the Appellant convince the Court that the evidence below did not support the finding or findings of the Court below. This Court is of the unanimous opinion that the findings of the Court below are fully supported by the evidence, and finds no reason whatsoever for disturbing the decree of the Trial Court.

It is hereby ORDERED that the decree of the Trial Court be, and the same is hereby, AFFIRMED.

Court costs in the amount of $10.00 are hereby assessed against Appellant Joseph Willis, the same to be paid within 30 days.

DECREE AFFIRMED.